IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOSEPH PHILLIP KNOWLES**                                             **PLAINTIFF**

**VERSUS**                       **CIVIL ACTION NO. 1:12-cv-371-HSO-RHW**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security**                **DEFENDANT**

### MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF'S [15] OBJECTIONS, ADOPTING MAGISTRATE'S [14] FINDINGS OF FACT AND RECOMMENDATION, DENYING PLAINTIFF'S [1] COMPLAINT AND [12] MEMORANDUM IN SUPPORT SEEKING REVERSAL OR REMAND, AND AFFIRMING THE COMMISSIONER'S DECISION

This matter is before the Court on Plaintiff Joseph Phillip Knowles' Objections [15] to Magistrate Judge Robert H. Walker's Proposed Findings of Fact and Recommendation [14]. The Magistrate Judge reviewed Plaintiff Joseph Phillip Knowles' Complaint [1] and Memorandum in Support [12] which request the Court reverse the Commissioner's decision or remand the case for further hearing. Compl. [1] at 2. The Magistrate Judge recommended that Plaintiff's Complaint [1] and Memorandum in Support [12] requesting reversal or remand be denied, and that the Commissioner's decision be affirmed. Proposed Findings of Fact and Recommendation [14] at 14. Plaintiff has filed Objections [15] to the Proposed Findings of Fact and Recommendation [14], and Carolyn W. Colvin, Acting Commissioner of the Social Security Administration has filed a Response [16] to Plaintiff's Objections [15].

After review of the record and the relevant law, the Court, being fully advised in the premises, finds that Plaintiff's Objections [15] should be overruled, that the

Magistrate Judge's Proposed Findings of Fact and Recommendation [14] should be adopted in their entirety as the finding of this Court, that Plaintiff's Complaint [1] and Memorandum in Support [12] seeking reversal or remand should be denied, and that the Commissioner's decision should be affirmed.

## I. BACKGROUND

A. Standard of Review

Because Plaintiff has filed Objections to the Magistrate's Proposed Findings of Fact and Recommendation, this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (party filing written objections is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made"). In reviewing the Commissioner's decision, a federal court considers only whether the Commissioner applied the proper legal standards and whether substantial evidence in the record supports her decision. *Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) (citation omitted). Substantial evidence must be more than a scintilla, but it need not be a preponderance. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (citation omitted).

To the extent that a plaintiff does not object to portions of a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a *de novo* review of it. 28 U.S.C. § 636(b)(1). In such cases, a court need only review the proposed findings of fact and recommendation and determine whether they are

either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

B.    <u>Standard for Entitlement to Social Security Benefits</u>

The United States Court of Appeals for the Fifth Circuit has explained that

> [t]he claimant has the burden of proving she has a medically determinable physical or mental impairment lasting at least twelve months that prevents her from engaging in substantial gainful activity. *See* 42 U.S.C. § 423(d)(1)(A). Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. 20 C.F.R. § 404.1572(a) and (b). The ALJ uses a five-step sequential process to evaluate claims of disability and decides whether: (1) the claimant is not working in substantial gainful activity; (2) the claimant has a severe impairment; (3) the claimant's impairment meets or equals a listed impairment in Appendix 1 of the Regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520.
>
> The claimant bears the burden of proof on the first four steps and the burden shifts to the Commissioner for the fifth step. Thus, the claimant must show first that she is no longer capable of performing her past relevant work. 20 C.F.R. § 404.1520(e). If the claimant satisfies this burden, then the Commissioner must show that the claimant is capable of engaging in some type of alternative work that exists in the national economy. *See Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987). Once the Commissioner makes this showing, the burden of proof shifts back to the claimant to rebut this finding. *Id.*

*Newton v. Apfel*, 209 F.3d 448, 452–53 (5th Cir. 2000).

C.    <u>The Administrative Law Judge's Decision</u>

Plaintiff completed an application for a period of disability and disability insurance benefits on or about August 6, 2009, stating that he "became unable to work because of [his] disabling condition on September 5, 2008," and was "still disabled." R. [11] at 141. Plaintiff apparently offered no specific information

regarding his "condition" at that time. *See id.* at 141–142. After Plaintiff's application was denied on October 21, 2009, and again on reconsideration on January 27, 2010, Plaintiff filed a written request for a hearing. R. [11] at 23. The Administrative Law Judge ["ALJ"] conducted a hearing on February 11, 2011. *Id.*

On June 14, 2011, the ALJ determined (1) that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2013; (2) Plaintiff may have engaged in substantial gainful activity since September 5, 2008, the alleged onset date; (3) Plaintiff has the following severe impairments: obesity, degenerative joint disease of the right shoulder, and degenerative disc disease of the lumbar spine; (4) Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1; (5) Plaintiff has the residual function capacity to perform light work as defined in 20 C.F.R. 404.1567(b), with certain delineated exceptions; (6) Plaintiff is unable to perform any past work; (7) Plaintiff was born on January 22, 1962, and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date; (8) Plaintiff has a limited education and is able to communicate in English; (9) transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not Plaintiff has transferable job skills; (10) considering Plaintiff's age, education, work experience, and residual function capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform; and

(11) Plaintiff has not been under a disability, as defined by the Social Security Act, from September 5, 2008, through the date of decision. *Id.* at 21 –29. The ALJ therefore concluded that "[b]ased on the application for a period of disability and disability insurance benefits filed on July 31, 2009, the claimant is not disabled under sections 216(I) and 223(d) of the Social Security Act." *Id.* at 29.

On August 8, 2011, Plaintiff sought review of the ALJ's decision before the Appeals Council. R. [11] at 15. The Appeals Council "found no reason under [its] rules to review the Administrative Law Judge's decision," and thus "denied [Plaintiff's] request for review." *Id.* at 1. Plaintiff then filed his Complaint [1] in this Court on November 26, 2012, seeking reversal of the Commissioner's decision that he is not entitled to disability benefits, or a remand for further hearing. Compl. [1] at 2.

## II.  ANALYSIS

A.  Plaintiff's Complaint [1] and Memorandum in Support [12]

In his Complaint [1] and Memorandum in Support [12], Plaintiff essentially raises three arguments in support of his position. Plaintiff first asserts that the Commissioner's decision should be reversed because the ALJ erred as a matter of law in applying an incorrect standard of severity with respect to multiple impairments at step two of the sequential evaluation process, and because that finding is not supported by substantial evidence. Pl.'s Mem. [12] at 1. Plaintiff next argues that the ALJ erred as a matter of law in failing to properly consider or explain the required six factors pertaining to the weight to be afforded Plaintiff's

treating physician's testimony in light of the record. *Id.* Plaintiff finally contends that the ALJ's finding that Plaintiff can perform "light work" is internally inconsistent with the residual function capacity ["RFC"] which is properly categorized in the sedentary range and that the ALJ and/or Appeals Council erred in failing to properly consider this as a "borderline" case warranting application of Rule 201.09 of the Medical Vocational Guidelines, which Plaintiff maintains directs a finding of disability. *Id.*

B.    The Magistrate Judge's Recommendation

After reviewing the entire record, the Magistrate Judge determined that the ALJ did not err. With respect to Plaintiff's first argument regarding whether he has a severe impairment, the Magistrate Judge found that the ALJ applied the correct legal standard for severity at step two of the five-step sequential analysis used to evaluate claims of disability and that, even though the ALJ did not address Plaintiffs' knee pain or neuropathy at step two, any error in that regard was harmless because the severity or non-severity of those conditions was not determinative of Plaintiff's disability. Proposed Findings of Fact and Recommendation [14] at 4–6. The Magistrate Judge also found that the ALJ's decision that Plaintiff's mental impairment was not severe was supported by substantial evidence in the record. *Id.* at 6–7.

As for Plaintiff's second argument regarding the weight to be accorded the opinion of his treating physician, Dr. Singh, the Magistrate Judge determined that the ALJ considered facts relevant to the six factors delineated in 20 C.F.R. §

404.1527(c)(2)(i)–(c)(6), and that the ALJ did not err in her assessment of the opinions of Plaintiff's treating physician. *Id.* at 7–12.

With respect to Plaintiff's contention that the ALJ assigned an RFC that was inconsistent with the regulatory definition of "light work," the Magistrate Judge found that the RFC was consistent. *Id.* at 12–13. The Magistrate Judge finally determined that the ALJ was well within her discretion not to consider this a "borderline" case based on Plaintiff's age, and not to consider the grid rules for the higher age category. *Id.* at 13–14. Also, regardless of Plaintiff's age, the Magistrate Judge determined that Rule 201.09 of the Guidelines does not apply in this case because that Rule applies to individuals who are only capable of sedentary work, while in this case the ALJ concluded that Plaintiff could perform light work. *Id.* at 14. Therefore, the Magistrate Judge recommended that Plaintiff's Complaint [1] and Memorandum in Support [12] seeking reversal or remand be denied, and that the Commissioner's decision be affirmed. *Id.*

C.  Plaintiff's Objections

In his Objections, Plaintiff maintains that the Magistrate Judge's finding that the proper legal standard was applied with respect to the weight afforded the opinions of Plaintiff's treating physician is not supported by the facts in this case. Objs. [15] at 1–5. Plaintiff also objects to the Magistrate Judge's conclusions regarding the ALJ's finding that Plaintiff can perform light work and the ALJ's failure to consider this case a borderline one warranting application of Medical Vocational Guideline Rule 201.09. *Id.* at 5–7. Plaintiff finally objects to the

Magistrate Judge's finding that the ALJ was not required to consider the vocational expert's testimony in making the RFC determination. *Id.* at 8.

    1.    <u>The Weight the ALJ Afforded the Opinions of Plaintiff's Treating Physician</u>

Plaintiff complains that the ALJ did not mention what weight, if any, she assigned to Dr. Singh's opinion regarding Plaintiff's medical conditions and that the ALJ failed to reference the required six-factor analysis applicable to treating physicians. Objs. [15] at 2. Plaintiff maintains that the ALJ was required to apply the six-factor analysis if she did not give controlling weight to the treating physician's opinion, that Dr. Singh's opinion was supported by the orthopedic consultative examiner, Dr. Barnes, and that if needed, the ALJ should have re-contacted Dr. Singh. *Id.* at 2–3.

20 C.F.R. § 404.1527(c)[1] provides that in evaluating the weight to be assigned medical opinions, including those of treating sources, the Commissioner considers the following factors:

> [r]egardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.
> (1)    Examining relationship . . . .
> (2)    Treatment relationship. Generally, we give more weight to opinions from your treating sources, since these sources are likely

---

[1] At times the briefing refers to the factors as being contained in 20 C.F.R. § 404.1527(d), while at other times § 404.1527(c) is cited. In 2012, the Social Security Administration redesignated paragraph (d) as paragraph (c). How We Collect and Consider Evidence of Disability, 77 Fed. Reg. 10651-01, 10656 (Feb. 23, 2012). Other than changing internal references to subsection "(d)" to "(c)" in that paragraph, no substantive changes were made. *Id.* The Court will reference the current version of this paragraph, § 404.1527(c).

>           to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.
>           (i)     Length of the treatment relationship and the frequency of examination . . . .
>           (ii)    Nature and extent of the treatment relationship . . . .
>   (3)    Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion. Furthermore, because nonexamining sources have no examining or treating relationship with you, the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions. We will evaluate the degree to which these opinions consider all of the pertinent evidence in your claim, including opinions of treating and other examining sources.
>   (4)    Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.
>   (5)    Specialization. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.
>   (6)    Other factors. When we consider how much weight to give to a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion . . . .

20 C.F.R. § 404.1527(c); *see also Newton v. Apfel*, 209 F.3d 448, 455–56 (5th Cir. 2000).

Treating physicians' opinions "are not conclusive." *Newton*, 209 F.3d at 455 (citation omitted). The Fifth Circuit has held that "[g]ood cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 456. An ALJ is required to consider each of the § 404.1527(c) factors before declining to give any weight to the opinions of a claimant's treating physician. *Id.* In the event that "the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence from the treating physician in accordance with 20 C.F.R. § 404.1512(e)." *Id.* at 453.

While the ALJ did not explicitly state that she afforded Plaintiff's treating physician's opinion less than controlling weight, the ALJ clearly considered Dr. Singh's opinion in its entirety, but assigned "great weight" to the opinion of a non-treating Disability Determination Services physician. R. [11] at 27. By implication, the ALJ accorded Dr. Singh's opinion less weight, or less than controlling weight. *See id.*

The ALJ found that Dr. Singh relied to "some extent" upon Plaintiff's subjective reports. R. [11] at 27. Dr. Singh's medical records do not reflect that he used any objective medical tests to support his opinion. R. [11] at 327–337. The ALJ felt that Plaintiff's subjective statements regarding his limitations were not

supported by objective and clinical evidence, and noted that just prior to the alleged onset date of disability, Plaintiff has been taking Methadone for seven years due to drug addiction and was experiencing withdrawal symptoms. *Id.* at 25, 27. The ALJ concluded that Plaintiff may have exaggerated the frequency and intensity of his pain reports to physicians as part of "drug-seeking behavior." *Id.* at 25. The record reflects that as of September 3, 2009, nearly a year after the alleged onset of disability, Plaintiff was still being treated at the Gulf Coast Treatment Center for opioid dependence and was taking methadone under doctor's orders. R. [11] at 25, 51, 247.

The ALJ further noted that in the months prior to the alleged onset date, Plaintiff requested follow-up injections of Decadron with Kenalog because previous shots helped manage his weight bearing and ambulation, *id.* at 23, and that x-rays revealed no abnormality with Plaintiff's right knee, *id.* at 24. The ALJ concluded that Plaintiff's draw of unemployment benefits after the alleged disability onset date meant Plaintiff "must have held himself out as ready and able to work, an assertion incompatible with his claim of disability herein." *Id.* at 26. Based upon all of the foregoing, substantial evidence supports the ALJ's decision to afford less than controlling weight to Dr. Singh's opinion.

To the extent Plaintiff argues that Dr. Singh's opinion is consistent with that of orthopedist Dr. Charlton H. Barnes, who conducted a consultative examination, Objs. [15] at 3, Dr. Barnes' conclusion that "[t]he patient is disabled by obesity with his weight at 350 plus and also chronic pain and dysfunction of his right shoulder

with regard to use and range of motion," R. [11] at 264, is a legal conclusion and "not a medical opinion," *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). The ALJ nevertheless considered Dr. Barnes' comment regarding "right shoulder limited range of motion in finding the claimant has limited capacity for reaching." R. [11] at 27.

While the ALJ did not quote the language from the six factors contained in § 404.1527(c), the record reflects that she did consider evidence relevant to each factor, and the ALJ's conclusions in this regard are supported by substantial evidence. *See* R. [11] at 23–24, 27. In accordance with § 404.1512(c), the ALJ considered: (1) the length of Dr. Singh's treatment of Plaintiff, *id.* at 24; (2) the frequency of Dr. Singh's examination of Plaintiff, *id.* at 23–24, 27; (3) the nature and extent of the treatment relationship, *id.*; (4) any support for Dr. Singh's opinion contained in the medical evidence of record, *id.* at 27; (5) the consistency of Dr. Singh's opinion with the record as a whole, *id.*; and (6) Dr. Singh's specialization, or lack thereof, *id.* The ALJ did not err in this regard.

Plaintiff contends that "if the ALJ had questions regarding to what extent Dr. Singh relied on Mr. Knowles's subjective complaints and any inconsistency between those complaints and the objective findings, the ALJ should have re-contacted Dr. Singh to clarify the issue." Objs. [15] at 3. While "an ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record" and the ALJ has a duty "to develop the facts fully and fairly relating to an applicant's claim for disability benefits," the Fifth Circuit has

held that "[r]eversal, however, is appropriate only if the applicant shows prejudice from the ALJ's failure to request additional information." *Newton*, 209 F.3d at 458 (quotations omitted).  Prejudice can be shown by demonstrating that additional evidence would have been produced if the ALJ had fully developed the record and that the additional evidence might have led to a different decision.  *Id.* (citation omitted).  Plaintiff has not shown either in this case.

For the foregoing reasons, the Court finds that the ALJ had good cause for giving less than controlling weight to Dr. Singh's opinion and that the ALJ properly considered evidence relevant to the six-factor analysis required by 20 C.F.R. § 404.1512(c).  Because substantial evidence in the record supported a conclusion different from that reached by Dr. Singh, Plaintiff's objection on this point should be overruled.

### 2. Plaintiff's RFC

The ALJ determined that Plaintiff

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except:  he is limited to standing and walking only two hours in an eight-hour workday; he should never climb ladders, ropes or scaffolds and should only occasionally balance, stoop, kneel, crouch, crawl or climbs [sic] ramps and stairs; and he should only occasionally be required to reach in any direction, including overhead.

R. [11] at 22.  Plaintiff maintains that because the level of Plaintiff's exertional capacity falls between two rules which direct opposite results, "not disabled" at the higher exertional level and "disabled" at the lower one, the ALJ should have determined that Plaintiff had a sedentary exertional work capacity such that Plaintiff was disabled.  Objs. [15] at 6–8 (citing Social Security Ruling 83-12).

Plaintiff maintains that "a finding at even the full range of sedentary would result in a directed finding of disabled under the Medical Vocational Guidelines at 201.09," because Plaintiff's fiftieth birthday occurred prior to the final Appeals Council decision in this case. *Id.* at 7 (citing *Higginbotham v. Barnhart*, 405 F.3d 332 (5th Cir. 2005)).

Plaintiff's Objections on this point stem from his contention that he only has the RFC to perform sedentary work. *Id.* at 5–8. Plaintiff has not, however, directed the Court to any regulatory definition of sedentary work that would be consistent with his RFC as the ALJ determined it. In addition, the ALJ's RFC determination is consistent with the definition of light work. *See* R. [11] at 22 (citing 20 C.F.R. § 404.1567(b)). This regulation provides in relevant part as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, *or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.*

20 C.F.R. § 404.1567(b) (emphasis added). The ALJ's determination is not inconsistent with the regulatory definition of light work.

With respect to Plaintiff's objection to the Magistrate Judge's finding that the ALJ was not required to consider the vocational expert's ["VE"] testimony in making the RFC determination, Plaintiff argues that because there were "significant non-exertional limitations," VE testimony was required to determine Plaintiff's RFC. Objs. [15] at 8 (citing 20 C.F.R. pt. 404 subpt. P, app. 2 § 200.00(e)(2)). Plaintiff maintains that the VE testimony the ALJ heard

demonstrated that Plaintiff's limitations result in the capacity to perform only sedentary work. *Id.* Plaintiff essentially argues that, based upon his nonexertional limitations imposed by the ALJ in connection with the assigned light-work RFC, and because the VE testified and the ALJ found that the other work Plaintiff could perform included only sedentary jobs, this somehow transforms his RFC from light work to sedentary pursuant to § 200.00(e)(2). Plaintiff has cited no legal authority to support this proposition. In an unpublished opinion, a panel of the United States Court of Appeals for the Sixth Circuit rejected a substantially similar argument from a claimant.

In *Anderson v. Commissioner of Social Security*, 406 F. App'x 32 (6th Cir. 2010),

> the ALJ found that Anderson has the RFC to perform light work with certain modifications. Anderson does not dispute this RFC. Rather, he supposes that if the VE testified as to the existence of jobs that Anderson could perform that a person with a sedentary RFC could also perform, then that testimony would change Anderson's RFC to sedentary and, pursuant to the grid guidelines, dictate a finding of "disabled." [Anderson does not explicitly claim that the VE's testimony should change his RFC, but rather than [sic] it should dictate the application of a "sedentary" grid rule. Because the grid rules are based on the RFC and not the characteristics of the available jobs, his argument would only succeed if the VE's testimony could determine the RFC.] *Compare* 20 C.F.R. pt. 404, subpt. P, app. 2, at § 202.10 *with id.* at § 201.09 (whether a claimant with certain characteristics in disabled hinges on whether the claimant has an RFC for light work or for sedentary work).
>
> That is not how the system operates. The RFC is based on the claimant's particular disabilities, an inquiry wholly independent from what jobs are available in the regional and national economy. *See* 20 C.F.R. § 404.1545(a) (listing factors that determine an RFC). The VE does not testify as to what the claimant is physically capable of doing, but rather as to what jobs are available, given the claimant's physical capabilities. Thus, in a step-five analysis, the VE's testimony depends upon the RFC

and not the other way around. *Walters v. Comm'r*, 127 F.3d 525, 529 (6th Cir.1997) ("Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that *accommodates his residual functional capacity* and vocational factors (age, education, skills, etc.), he is not disabled.") (emphasis supplied).

Significantly, every court to have considered the precise argument that Anderson makes here has rejected its underlying understanding of the law. *See, e.g., Ayala v. Astrue,* 2010 WL 2757492 (C.D. Cal. July 16, 2010); *Lee v. Barnhart*, 63 Fed. Appx. 291 (9th Cir. 2003); *Johnson v. Barnhart*, 2005 WL 3271953 (W.D. Wisc. Nov. 29, 2005). The court in Johnson summarized and rejected the argument as follows:

> [P]laintiff points to the VE's testimony that the identified desk and counter clerk jobs also could be performed by an individual who was limited to sedentary work with a sit-stand option. From this testimony, plaintiff reasons that this means that she can perform only sedentary work. Plaintiff's reasoning is unsound. The VE was not opining as to plaintiff's limitations, she was stating the unremarkable proposition that the jobs she had identified were so limited in their exertional requirements that they could be performed by workers limited to less than light work. A person who has a residual capacity for light work generally also can perform sedentary work. It is a non sequitur to argue that because plaintiff suffered conditions that limited her job base essentially to sedentary jobs, the ALJ erred in concluding that plaintiff was able to perform a limited range of light work.

2005 WL 3271953, at *14. We agree with this reasoning and hold that, as a matter of law, Anderson's claim must fail.

*Anderson*, 406 F. App'x at 36–37. The Court finds the Sixth Circuit's reasoning persuasive. Plaintiff's objection regarding his RFC classification should be overruled.

    3.    <u>Application of Rule 201.09</u>

With respect to Plaintiff's argument that application of Medical-Vocational Guidelines Rule 201.09 directs a finding of disabled, the Court finds that this Rule

is inapplicable to Plaintiff.  *See* 20 C.F.R. pt. 404, subpt. P, app. 2, Table no. 1, Rule 201.09.  Rule 201.09 is only applicable to those who have a maximum sustained work capability limited to sedentary work as a result of severe, medically determinable impairment(s).  *Id.*  Because the ALJ determined that Plaintiff had the RFC for light work, reliance upon Rule 201.09 would be inappropriate.  This objection should be overruled.

### III.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1), the Court has conducted an independent *de novo* review of the record and those matters raised in the Plaintiff's Objections.  For the reasons set forth above, the Court concludes that Plaintiff's Objections [15] should be overruled.  To the extent Plaintiff did not object to portions of the Magistrate Judge's Proposed Findings of Fact and Recommendation [14], the Court finds that those portions are neither clearly erroneous nor contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).  The Court further concludes that the Magistrate's Proposed Findings of Fact and Recommendation [14] should be adopted as the finding of the Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Objections [15] filed by Plaintiff Joseph Phillip Knowles in this case are **OVERRULED**, and the Proposed Findings of Fact and Recommendation [14] of Magistrate Judge Robert H. Walker are adopted in their entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Joseph Phillip Knowles' Complaint [1] and Memorandum in Support [12] seeking reversal

or remand are **DENIED**.

   **IT IS, FURTHER, ORDERED AND ADJUDGED** that, the decision of the Commissioner is **AFFIRMED**.  A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

   **SO ORDERED AND ADJUDGED**, this the 21st day of March, 2014.

            *s/ Halil Suleyman Ozerden*
            HALIL SULEYMAN OZERDEN
            UNITED STATES DISTRICT JUDGE